```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 09-21895-CIV-LENARD
                                    MAGISTRATE JUDGE P.A. WHITE
```

CLANDIS FORD,                          :

       Plaintiff,                :

v.                                     :   <u>PRELIMINARY REPORT</u>
                                        <u>OF MAGISTRATE JUDGE</u>
R. GREENBAUM, ET AL.,                  :

       Defendants.               :
_____

## I. <u>Introduction</u>

The plaintiff, Clandis Ford, currently housed at the Metro West Detention Center, has filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983. [DE #1]. The plaintiff has been granted leave to proceed <u>in forma pauperis</u>. [DE# 4].

This Cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding <u>in forma pauperis</u>.

## II. <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

                  *   *   *

>   (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>   \*   \*   \*
>
>   (B) the action or appeal –
>
>   \*   \*   \*
>
>   (i)  is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order

to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in

3

determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

The plaintiff names the following defendants:

(1)   Miami-Dade Police Officer R. Greenbaum (#5795)
(2)   Miami-Dade Police Officer D. Reynolds  (#5673)
(3)   Miami-Dade Police Officer R. Cabrera   (#7132)

The plaintiff alleges that on August 6, 2008 the three defendants arrested him. He claims that Greenbaum and Reynolds used excessive force upon his arrest causing physical injuries (including facial abrasions and a dislocated right arm) when they punched and kicked him, tasered him and rubbed his face into the asphalt. He also alleges that Greenbaum falsified a police report charging him with aggravated battery on Cabrera, which charge was dismissed on June 22, 2009. He seeks monetary damages and other relief.

### Excessive Force Upon Arrest

Claims of excessive force by police officers are cognizable under 42 U.S.C. §1983, as are claims that officers who were present failed to intervene. Fundiller v. City of Cooper City, 777 F.2d 1436 (11 Cir. 1985). "[C]laims of excessive force are to be judged under the Fourth Amendment's 'objective reasonableness' standard." Brosseau v. Haugen, 543 U.S. 194, 197 (2004) (citing Tennessee v. Garner, 471 U.S. 1 (1985) and Graham v. Connor, 490 U.S. 386 (1989)). Thus, "[t]he question is whether the officer's conduct is

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

4

objectively reasonable in light of the facts confronting the officer." Vinyard v. Wilson, 311 F.3d 1340, 1347 (11 Cir. 2002). In this respect, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. at 396 (quotations omitted). This analysis "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396. In addition, other considerations include: "(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically." Hadley v. Gutierrez, 526 F.3d 1324, 1329 (11 Cir. 2008) (quotation omitted). In this respect, the Supreme Court has "recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396.

The plaintiff has raised sufficient facts to state a claim under the Twombly standard that Greenbaum and Reynolds may have violated the plaintiff's Fourth Amendment rights by engaging in excessive force and causing physical injuries. The plaintiff, however, has failed to raise any facts to state a claim for relief against Cabrera. The plaintiff alleges that Cabrera was involved

in the arrest, but he raises no facts indicating that Cabrera was either present during the alleged use of excessive force or that he was in a position to intervene to stop the other officers from using excessive force.

Accordingly, it is recommended that the claim concerning excessive force proceed against Greenbaum and Reynolds, and the claim against Cabrera be dismissed without prejudice, allowing the plaintiff to amend if he desires to state a constitutional claim against Cabrera.

### False Arrest/False Imprisonment

A warrantless arrest without probable cause violates an individual's constitutionally protected liberty interest, and forms the basis for a Section 1983 claim for false arrest. See Marx v. Gumbinner, 950 F.2d 1503, 1505-06 (11 Cir. 1990); Motes v. Meyers, 810 F.2d 1055 (11 Cir. 1987). "The existence of probable cause, however, is an absolute bar to a section 1983 action for false arrest." Marx at 1505-06. "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." United States v. Gonzalez, 969 F.2d 999, 1002 (11 Cir. 1992). "Probable cause does not require overwhelmingly convincing evidence, but only reasonably trustworthy information." Ortega v. Christian, 85 F.3d 1521, 1525 (11 Cir. 1996) (internal quotation and citation omitted). Whether probable cause existed is determined by information known to the arresting officers at the time of the arrest. See Reese v. Herbert, 527 F.3d 1253, 1272 (11 Cir. 2008).

The torts of false imprisonment and false arrest remedy similar injuries. They arise, however, from "detention without legal process" and they "end[ ] once the victim becomes held pursuant to such process."  Wallace v. Kato, 549 U.S. 384, 389 (2007).  In order to establish a cognizable claim for false imprisonment under §1983, a plaintiff must show the elements of common law false imprisonment: (1) intent to confine, (2) acts resulting in confinement, and (3) consciousness of the victim of confinement or resulting harm - and establish that the imprisonment resulted in a violation of due process rights under the Fourteenth Amendment.  Ortega, 85 F.3d at 1526.

In this case, the plaintiff alleges only that Greenbaum and Reynolds issued a false police report, and the charge of aggravated battery was subsequently dropped.  The plaintiff does not sufficiently state a claim of false arrest or false imprisonment, as he provides no other details explaining why he was arrested, whether he was charged with any other crimes, or whether there was probable cause for the arrest. It is thus recommended that this claim be dismissed without prejudice.

### III.  Conclusion

Based on the foregoing, it is recommended that:

1. The Fourth Amendment excessive use of force claim proceed against Officers Greenbaum and Reynolds; and

2. The remaining claims and defendant be dismissed without prejudice.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 4th day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Clandis Ford, <u>Pro Se</u>
No. 0800713478
Metro-West Detention Center
13850 N.W. 41st Street
Miami, FL 33178