```
                                        UNITED STATES DISTRICT COURT
                                        SOUTHERN DISTRICT OF FLORIDA

                                        CASE NO. 09-21895-CIV-LENARD
                                        MAGISTRATE JUDGE P.A. WHITE
CLANDIS FORD,                       :

        Plaintiff,                  :

v.                                  :         REPORT OF
                                               MAGISTRATE JUDGE
R. GREENBAUM, et al.,               :

        Defendants.                 :
_____
```

In this *pro se* civil rights action, a complaint for damages was filed by or on behalf of Clandis Ford pursuant to 42 U.S.C. §1983 (DE#1). The initial complaint, signed and dated July 5, 2009, indicated that he was then in custody of the Miami-Dade Department of Corrections and Rehabilitation, and detained at the Metro-West facility on N.W. 41st Street, in Miami. Ford alleged that during his arrest by Miami-Dade Officers Greenbaum, Reynolds, and Cabrera on August 6, 2008, he was subjected to the use of excessive force.

At the outset of this action, an "Order of Instructions To Pro Se Civil Rights Litigants" was entered on 7/21/09 (DE#5) informing the plaintiff of various requirements concerning this case. Among those is the requirement that upon each and every change in the plaintiff's address, he is required to promptly file a Notice of Change of Address, informing the Court and opposing parties of his whereabouts. The Order (DE#5, ¶1) explicitly cautioned the plaintiff that failure to comply with this requirement is grounds for dismissal of the case for lack of prosecution.

A Notice of Change of Address (DE#9) was filed with the Clerk on 8/6/09, stating that Ford had been transferred from Metro West to the H.A.C. Shelter, 1550 N. Miami Avenue, Miami, 33136.

Following a Preliminary Report, and Order of partial dismissal (DE#s 8, 16), Cabrera was dismissed, and the case remained pending as to Riki Greenbaum and Damon Reynolds. Greenbaum was served with process (DE#s 6, 13, 17), and has filed a Motion to Dismiss (DE#20). A motion by Damon Reynolds to quash service of process

(DE#19) was granted on October 29, 2009 (see Order DE#23), upon Reynolds' sworn assertions that he had not been personally served, and that another officer, with whom a Deputy U.S. Marshal had left the complaint and summons, was not authorized to accept service on his behalf. (See Declaration, DE#19-1).

Greenbaum, in her Motion to Dismiss, asserts various grounds for relief, including that: (1) she is entitled to qualified immunity, where the force used to effect Ford's arrest was reasonable under the circumstances, since Ford violently resisted arrest; and (2) Ford's claim for damages is barred under Heck v. Humphrey, 512 U.S. 477 (1994), in light of Ford's convictions for committing battery upon Greenbaum, resisting Greenbaum with violence, and depriving Greenbaum of her means of protection or communication. In addition, the defendant Greenbaum asserted in her Motion (DE#19), that it appeared plaintiff Ford was attempting to perpetrate fraud upon the Court, because various filings in this case under his name were apparently signed by at least three different persons. Scanned images of the signatures on four of Ford's filings were included in Greenbaum's Motion.

The undersigned, taking judicial notice of the Court's records in this case, notes that the signatures for "Clandis Ford" at DE#s 9, 10, and 11 do not match the signature on the initial complaint (DE#1); and it appears that filings at DE#s 9 and 11 were signed by the same individual.

Upon entry of the 10/29/09 Order (DE#23) granting Reynolds' Motion to Quash, the Marshal was not immediately directed to make a second attempt at serve process, this time making personal rather than substituted service. This was because a separate Order of instructions to the plaintiff was entered (DE#24), requiring a response to Defendant Greenbaum's allegation of fraud upon the Court.

The Order (DE#24) explicitly required the plaintiff to SHOW CAUSE by November 20, 2009, why this civil action should not be dismissed based upon fraud upon the Court. The Order specifically

instructed the plaintiff to address why there are several different signature on his pleadings. (Rule 11 of the Federal Rules of Civil Procedure requires that every pleading, written motion or other filing must be signed by at least one attorney of record in the attorney's name, or by a party personally, if the party is unrepresented. In this case, plaintiff Ford, who is proceeding *pro se,* and is not represented by counsel, is required to personally sign his own filings with the Court).

As noted by Greenbaum in her motion, this Circuit had held that courts have inherent authority to impose reasonable and appropriate sanctions, which may include discretion to dismiss an action where a party has attempted to mislead a court or forged a signature on a document filed with the Court. See Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335, and 1336 n.2 (11 Cir. 2002). A motion to dismiss, however, "is not a proper vessel with which to reach that conclusion." See Gyasi v. M/V "Andre," in rem, No. 07-23282-Civ, 2008 WL 162644, at *2 (Jan. 16, 2008, S.D.Fla.).

Here the plaintiff has been required by Court Order to address the allegation of fraud which was raised in the defendant's motion to dismiss.  A deadline was set for plaintiff's response, and he has chose to ignore the Court Order, which was sent to his address of record, the H.A.C. Shelter, on North Miami Avenue. There is nothing in the Court's records to indicate that plaintiff's copy of that October 29, 2009 Order to Show Cause was returned as undeliverable. [Only plaintiff's copy of an 8/3/09 Order, which was sent to Metro West, was returned as undeliverable. This was because Ford had been transferred from Metro West to the H.A.C. while the Order was still in the mail].

Plaintiff has filed nothing in this case for 4 months. His last filings were DE#s 9, 10, and 11, all docketed on 8/6/09.  He has filed no Notice of Change of Address indicating that he is no longer at the H.A.C. Shelter.  If he is still at the H.A.C. Shelter, then his failure to respond to the October 29 Order to

Show Cause constitutes a failure to comply with the Court Order DE#24, and may be an indication that he has abandoned this lawsuit. If, on the other hand, Ford is no longer confined at H.A.C. Shelter, and failed to file a Notice of Change of Address, as required by Paragraph 1 of the Court's 7/21/09 Order of Instructions, then his failure constitutes a failure to comply with the Court Order DE#5, and again suggests that he has abandoned the lawsuit.

It is therefore recommended that: 1) as to all claims and defendants, the operative complaint be dismissed, for lack of prosecution, pursuant to Fed.R.Civ.P. 41(b), and this District's Local Rule 41.1., and for plaintiff's failure to comply with Court Orders; 2) defendant Greenbaum's Moton to Dismiss (DE#20) be dismissed without prejudice to renew; and 3) this case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: December 3rd 2009.

UNITED STATES MAGISTRATE JUDGE

cc: Clandis Ford, Pro Se
No. 080071347
H.A.C. Shelter
1550 N Miami Ave
Miami, FL 33136

Dennis A. Kerbel, Esquire
Assistant County Attorney
Miami-Dade County Attorney's Office
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, FL 33128

The Honorable Joan A. Lenard,
United States District Judge

4